# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6640 | **DATE** | 2/6/2008 |
| **CASE TITLE** | Jeffrey Berry vs. James Zagel | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff Jeffrey Berry's Complaint [1] is dismissed with prejudice. Civil case closed.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Jeffrey R. Berry ("Berry") filed this civil complaint seeking unspecified relief against Judge James Zagel of this court based upon Judge Zagel's alleged conduct in presiding over a criminal case in which Berry was the defendant (*United States of America v. Berry*, 03 CR 961). Before the conclusion of that trial, Berry filed a civil suit against Judge Zagel, the prosecutor (Carrie Hamilton) and an FBI agent involved in the case (see *Jeffrey R. Berry v. United States of America, et al.*, 07 C 1612). In that civil action, Berry alleged a conspiracy by the defendants to frame him, maliciously prosecute him, conceal evidence, present false testimony to a Grand Jury, etc. As to Judge Zagel specifically, Berry alleged "defamation of character, prejudice statements, threatening statements and false imprisonment." That civil case was dismissed with prejudice by Judge Joan Gottschall on May 25, 2007. Berry was convicted in the criminal case and filed an appeal.

After a careful review, this court hereby dismisses this complaint for the following reasons. First, Judge Gottschall has already dismissed certain claims against Judge Zagel *with prejudice*. Plaintiff may not allege those same claims a second time in this court. Second, Berry's claims against Judge Zagel are barred under well established principles of absolute judicial immunity. See *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005). The doctrine of judicial immunity confers complete immunity from suit for a judge's judicial acts. *Id*. Courts have considered the following factors in determining whether an act is judicial: (1) whether the act or decision involves the exercise of discretion or judgment; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, *i.e.*, whether the parties dealt with the judge as judge. *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985). In the present case, it is clear that Berry brings suit against

| | Courtroom Deputy Initials: | JK(LC) |
|---|---|---|

**STATEMENT**

Judge Zagel in his capacity as judge. Berry questions Judge Zagel's conduct on the bench, and alleges that Judge Zagel improperly and corruptly tried Berry, acting with racial discrimination in the duties he performed as judge. Thus, the alleged violative acts were judicial in nature, and Judge Zagel is cloaked with absolute judicial immunity. Berry's due process and constitutional concerns may be more appropriately addressed on appeal or in a habeas petition, not in a civil suit against the judge. This case is dismissed with prejudice.