# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6640 | **DATE** | February 12, 2008 |
| **CASE TITLE** | Jeffrey Rodney Berry (#55223-019) vs. James B. Zagel | | |

**DOCKET ENTRY TEXT:**

The plaintiff shall pay the full $350.00 filing fee. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Oklahoma City Federal Treatment Center. The court's dismissal of February 6, 2008, counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                          Docketing to mail notices.

---

## STATEMENT

The plaintiff, a federal prisoner, brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), among other purported statutes. The plaintiff attempted to sue the Honorable James B. Zagel of this district in connection with Judge Zagel's actions in presiding over the plaintiff's criminal case. *See United States of America v. Berry*, Case No. 03 CR 0961 (N.D. Ill.)

By Minute Order of February 6, 2008, the court dismissed the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. The court, however, neglected to direct the plaintiff's place of confinement to begin making deductions from the plaintiff's account toward payment of the filing fee, as required by 28 U.S.C. § 1915(b)(1). [A review of the file reveals that the plaintiff neither paid the statutory filing fee nor filed a motion for leave to proceed *in forma pauperis*.]

On the court's own motion, the plaintiff is granted leave to proceed *in forma pauperis* in light of his incarceration. The initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the **(CONTINUED)**

mjm

**STATEMENT (continued)**

account.  *See* 28 U.S.C. § 1915(b)(1).  Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid.  *Id.*  Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

In addition, the plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  The court's dismissal of the above-captioned matter qualifies as one "strike" under 1915(g).

If the plaintiff wishes to appeal the dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.  *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

Dated:  February 12, 2008                          /s/David H. Coar
                                                   David H. Coar, U.S. District Judge